UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0481 FMO (MARx) | Date | February 22, 2022 |
|---|---|---|---|
| Title | Eleshea Watkins v. Farmers New World Life Insurance Company | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction

On January 21, 2022, plaintiff Eleshea Watkins ("plaintiff") filed a complaint against defendant Farmers New World Life Insurance Company ("defendant") asserting state law claims on behalf of a putative class of "[a]ll past, present, and future owners or beneficiaries of Defendant's life insurance policies in force on or after January 1, 2013 and governed by [California Insurance Code] Sections 10113.71 and/or 10113.72[.]"  (Dkt. 1, Complaint at ¶ 36).

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (See Dkt. 1, Complaint at ¶ 11) ("This Court has original jurisdiction pursuant to [28] U.S.C. §1332 under the Class Action Fairness Act.").  "CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).  However, "Congress provided exceptions to CAFA jurisdiction," including the so-called "local controversy exception" and the mandatory "home state exception[.]"[1] Adams v. West Marine Products, Inc., 958 F.3d 1216, 1220 (9th Cir. 2020).

---

[1] "CAFA does not displace conventional diversity class action rules; it augments them.  Therefore, federal subject matter jurisdiction over a class action may be premised on either the conventional diversity rules (including utilization of supplemental jurisdiction) or on CAFA.  While cases meeting the conventional requirements will typically also comply with CAFA's requirement, if jurisdiction is premised on CAFA, the statute's exceptions . . . will apply; if, however, the jurisdiction over the same action is premised on the conventional rules, CAFA's exceptions seemingly will not apply."  Newberg on Class Actions § 6:14 (5th ed. 2014) ("Newberg") (footnotes omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-0481 FMO (MARx)** | Date | **February 22, 2022** |
|---|---|---|---|
| Title | **Eleshea Watkins v. Farmers New World Life Insurance Company** | | |

Pursuant to the local controversy exception,[2] district courts "shall decline to exercise jurisdiction" when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed[,]" 28 U.S.C. § 1332(d)(4)(A), "the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." Adams, 958 F.3d at 1220 (citing 28 U.S.C. § 1332(d)(4)(A)). With respect to the mandatory home state exception, district courts "shall decline to exercise jurisdiction" when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."[3] 28 U.S.C. § 1332(d)(4)(B); Adams, 958 F.3d at 1220; see also Newberg, at § 6:20 ("If two-thirds of the putative class and the 'primary defendant' are from the forum state, the court must decline jurisdiction under the home-state exception.").

Having reviewed the Complaint, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation."). Plaintiff alleges that the action involves "over $5 million in controversy[,]" (see Dkt. 1, Complaint at ¶ 11), but she does not provide sufficient facts for the court to determine whether the amount in controversy has been satisfied. (See, generally, id.). Plaintiff also fails to adequately allege defendant's citizenship. (See id. at ¶ 10) ("Defendant Farmers New World Life Insurance Company is domiciled in the State of Washington and doing business in California.").

In addition, the court questions whether the local controversy exception or the mandatory home state exception apply given the definition of the putative class and defendant's unknown citizenship. (See Dkt. 1, Complaint at ¶ 36) (owners or beneficiaries of defendant's life insurance

---

[2] The local controversy subsection of CAFA provides: "A district court shall decline to exercise jurisdiction under paragraph (2) – (A)(i) over a class action in which – (I) greater than two-thirds of the members of all proposed classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]" 28 U.S.C. § 1332(d)(4)(A).

[3] The home state exception also has a discretionary component known as the "discretionary home state exception[,]" see Adams, 958 F.3d at 1220-21; 28 U.S.C. 1332(d)(3), that is not relevant at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0481 FMO (MARx) | Date | February 22, 2022 |
|---|---|---|---|
| Title | Eleshea Watkins v. Farmers New World Life Insurance Company | | |

policies governed by California Insurance Code §§ 10113.71 and 10113.72).

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff shall file a First Amended Complaint no later than **March 8, 2022**, that addresses the issues referenced above.

2. The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

3. Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |