1   **FAEGRE DRINKER BIDDLE & REATH LLP**
    TARIFA B. LADDON (SBN 240419)
2   *tarifa.laddon@faegredrinker.com*
    1800 Century Park East, Suite 1500
3   Los Angeles, California 90067
    Telephone:   (310) 203-4000
4   Facsimile:   (310) 229-1285

5   Attorney for Defendant
    FARMERS NEW WORLD LIFE
6   INSURANCE COMPANY

7

8                       **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ELESHEA WATKINS, Individually, and       Case No. 2:22-CV-00481-FMO (MARx)
    on Behalf of the Class,
12                                           Hon. Fernando M. Olguin
                   Plaintiffs,               Courtroom 6D
13
           v.                                **DEFENDANT FARMERS NEW**
14                                           **WORLD LIFE INSURANCE**
    FARMERS NEW WORLD LIFE                   **COMPANY'S MEMORANDUM OF**
15  INSURANCE COMPANY,                       **POINTS AND AUTHORITIES IN**
                                             **SUPPORT OF ITS MOTION TO**
16                 Defendant.                **DISMISS PLAINTIFF'S FIRST**
                                             **AMENDED COMPLAINT**
17
                                             [Filed concurrently with Notice of
18                                           Motion and Motion to Dismiss; Laddon
                                             Decl. in Support Thereof; and
19                                           [Proposed] Order]

20                                           Date:       April 21, 2022
                                             Time:       10:00 am
21                                           Place:      350 West First St., 6th Floor
                                                         Courtroom 6D
22                                                       Los Angeles, CA 90012

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO. 2:22-CV-00481-FMO (MARx)

## I.     **INTRODUCTION**

Plaintiff Eleshea Watkins ("Plaintiff") filed this putative class action against Farmers New World Life Insurance Company ("Farmers"), alleging that Farmers improperly terminated the subject life insurance policy because Farmers allegedly did not comply with certain statutory requirements set forth in California Insurance Code Sections 10113.71 and 10113.72 (the "Statutes").

Plaintiff's factual averments make clear that Plaintiff's claims are time-barred: Plaintiff alleges her policy terminated in <u>late 2017</u>, yet she did not commence this action until <u>January 2022</u> – more than four years after the alleged wrongful termination of the policy.  Plaintiff's declaratory judgment claims, premised on Farmers' alleged lack of compliance with the Statutes, are subject to a three-year statute of limitations, and Plaintiff's breach of contract and UCL claims are subject to four-year statutes of limitations.  Plaintiff did not file the present action until January 2022 – more than four years after Plaintiff alleges the policy terminated.  For these reasons, and as further discussed herein, Farmers respectfully requests the Court dismiss the Amended Complaint with prejudice.[1]

## II.     **STATEMENT OF FACTS**

Plaintiff alleges that approximately twenty years ago, Plaintiff's mother, Corlis Watkins, purchased a whole life insurance policy (No. 007550039) (the "Policy")

---

[1] On February 22, 2022, this Court ordered Plaintiff to file an amended complaint with adequate information to establish subject matter jurisdiction.  Dkt. No. 15.  On March 7, 2022, Plaintiff filed the First Amended Complaint in which Plaintiff, *inter alia*, identified the subject Policy as having a $50,000 face amount.  Dkt. No. 16.  In advance of the instant motion, Farmers provided Plaintiff with a copy of the Policy, which reflects a Principal Sum of $75,000.  Farmers also advised of the arguments raised herein.  As set forth in the accompanying Notice of Motion, Plaintiff did not respond or indicate a willingness to amend and/or withdraw the Amended Complaint based on the information shared by Farmers in Farmers' meet and confer efforts.  Plaintiff also declined to consent to a stipulation to extend the deadline for Farmers to respond to the Amended Complaint pending the parties' meet and confer efforts.  Because the Court previously ordered Plaintiff to file an Amended Complaint – and because Plaintiff has declined to amend or correct the Amended Complaint as a result of the meet and confer process, Farmers respectfully requests that the Court dismiss the Amended Complaint without leave to amend.  *See supra* at 4 (discussing futility of amendment in analogous circumstances).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

insuring Plaintiff's life when Plaintiff was still a minor. ("Am. Compl." ¶ 26).  As an adult, Plaintiff alleges she became the Policy owner.  (*Id.* ¶¶ 8, 26).  According to the Amended Complaint, in 2017, Plaintiff did not receive a billing statement for the then-due premium, and she "inadvertently missed" a premium payment.  Plaintiff alleges that the policy improperly lapsed "in late 2017" as a result of the unpaid premium.  (*Id.* ¶ 29).  Plaintiff alleges specifically that the Policy lapsed without the "protections afforded" by the Statutes.  (*Id.* ¶ 29).

Plaintiff seeks to represent a broad putative class consisting of all "past, present, and future owners or beneficiaries" of Farmers life insurance policies "in force on or after January 1, 2013" where the policies allegedly "underwent or will undergo lapse, termination, and/or reinstatement without [Farmers] first providing written notice of and an actual 60-day grace period, a 30-day notice of pending lapse and termination, and/or an annual notice of a right to designate at least one other person to receive notice of lapse . . . for nonpayment of premium."  (*Id.* ¶ 36).

# III.   ARGUMENT

## A.   Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged. *Id.* In deciding a motion to dismiss, the Court must apply a "plausibility standard," which is guided by two "working principles." *Iqbal*, 556 U.S. at 678.  First, although "a court must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* (noting legal

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO. 2:22-CV-00481-FMO (MARx)

conclusions couched as factual allegations are not sufficient).  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and determining whether a "plausible" claim is stated is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Furthermore, "[a] district court may dismiss a claim [on a motion to dismiss] '[i]f the running of the statute is apparent on the face of the complaint.'"  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).  The Court need not permit an amended complaint prior to dismissal for failure to state a claim if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  *See also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (affirming dismissal without leave to amend because plaintiff's claim was time-barred by relevant statute of limitations, so "any amendments would have been futile"); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend).

**B.    Plaintiff's Claims Are Time-Barred by the Applicable Statutes of Limitations.**

Whether under the three-year statute of limitations for declaratory relief, or the four-year statutes of limitations for the UCL and breach of contract claims, Plaintiff's claims are untimely.   *See* Cal. Code Civ. Proc. § 338(a) (setting forth three-year limitations period for "action upon a liability created by statute"); Cal. Code Civ. Proc. § 337(1) (four-year limitations period for "action[s] upon any contract, obligation or liability founded upon an instrument in writing") and Cal. Bus. & Prof. Code § 17208 (four-year limitations period for "[a]ny action to

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO. 2:22-CV-00481-FMO (MARx)

enforce any cause of action pursuant to" the UCL); *see also Angeles Chem. Co. v. Spencer & Jones*, 44 Cal. App. 4th 112, 119 (1996) ("Under California law, a contract claim based on a written agreement is governed by a four-year statute of limitations").

In lapse disputes, "[w]hen the breach at issue is the improper termination of a life insurance contract, the date on which the cause of action accrues is the date of termination." *Lorenzen v. Ct. Gen. Life Ins. Co.*, No. 13-cv-8427, 2014 WL 696437, at 3 (C.D. Cal. Feb. 24, 2014) (citing *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998)).  California courts have consistently recognized that the statute of limitations in "wrongful termination" cases runs from the date of the purported lapse. *See, e.g.*, *Earlywine v. USAA Life Ins. Co.*, No. 3:17-CV-328-CAB-NLS, 2018 WL 656088, at *3 (S.D. Cal. Feb. 1, 2018).

In this case, Plaintiff alleges that the Policy terminated in "late 2017." (Am. Compl. ¶ 27).  But Plaintiff failed to file her original complaint in this matter until January 21, 2022, more than four years after the alleged termination.  (Dkt. No. 1). Therefore, "the running of the statute[s] is apparent on the face of [Plaintiff's] complaint," and Plaintiff's claims are time-barred.  *Cervantes*, 656 F.3d at 1045.

## IV.    <u>CONCLUSION</u>

As the foregoing makes clear, Plaintiff waited too long to pursue her claims. Plaintiff has had multiple opportunities to assert cognizable claims, but she has failed to do so.  Farmers therefore respectfully requests dismissal of Plaintiff's claims with prejudice.

DATED: March 24, 2022                    **FAEGRE DRINKER BIDDLE & REATH LLP**

By:   */s/ Tarifa B. Laddon*
      TARIFA B. LADDON
      Attorney for Defendant
      FARMERS NEW WORLD LIFE
      INSURANCE COMPANY

5

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE NO. 2:22-CV-0481-FMO (MARx)